**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERNESTO AUDATO MUSCOSCO, : | |
| : | Civil Action No. 05-2100 (FLW) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| BUREAU OF PRISONS, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

Ernesto Audato Muscosco, Petitioner pro se
#49918-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**WOLFSON**, District Judge

　　Petitioner Ernesto Audato Muscosco, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole named respondent is the Bureau of Prisons.[2]

For the reasons stated herein, the Petition will be denied. See 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner originally submitted this petition to the United States District Court, Northern District of Florida.  The submission, labeled as a "Motion to Join, or to intervene, or be a party in the class action status . . . " was construed by the Northern District of Florida as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and transferred to this Court, located in the jurisdiction of Petitioner's confinement, for resolution.

The Court also notes that Petitioner has failed to name the warden of the facility in which he is incarcerated as a respondent, as required by Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  However, because the petition is being dismissed, it would be nonsensical for the Court to order Petitioner to amend the petition to name the warden as a respondent at this point.

## BACKGROUND

This statement of background facts is taken from the Petition and is accepted as true for purposes of this review.

Petitioner currently is serving a 120 month sentence imposed by the United States District Court for the Eastern District of Virginia. Based upon the Bureau of Prisons ("BOP") policy interpreting 18 U.S.C. § 3624(b), relating to good time credits, Petitioner contends that he will be deprived of at least 70 days of good time credits. Petitioner contends that the BOP policy misinterprets 18 U.S.C. § 3624(b), and that good time credits should be awarded based on the total term of imprisonment <u>imposed</u>, rather than on an annual incremental basis for time <u>served</u>. Petitioner does not dispute the accuracy of the BOP's calculations under its stated policy.

## DISCUSSION

Petitioner was convicted and sentenced in 1996. For offenses committed before April 26, 1996, former 18 U.S.C. § 3624(b) provided:

> A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. If the Bureau determines that, during that year, the prisoner

>  has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Such credit toward service of sentence vests at the time that it is received. Credit that has vested may not later be withdrawn, and credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b).[3]

The Bureau of Prisons has codified its interpretation of former and current § 3624(b) at 28 C.F.R. § 523.20.

>  Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) <u>for each year served</u>. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance

---

[3] Section 3624(b) has been amended slightly. "Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ... Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1) (emphasis added.) Subparagraph (b)(2) provides that credits awarded after the date of enactment (April 26, 1996) of the Prison Litigation Reform Act (Title VII of Pub. L. 104-134) "shall vest on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

> ... .  Pursuant to 18 U.S.C. 3624(b), as in effect for
> offenses committed on or after April 26, 1996, the
> Bureau shall consider whether the inmate has earned, or
> is making satisfactory progress (see § 544.73(b) of
> this chapter) toward earning a General Educational
> Development (GED) credential before awarding good
> conduct time credit.
>
> (a) When considering good conduct time for an inmate
> serving a sentence for an offense committed on or after
> April 26, 1996, the Bureau shall award:
>
> (1) 54 days credit <u>for each year served</u> (prorated when
> the time served by the inmate for the sentence during
> the year is less than a full year) if the inmate has
> earned or is making satisfactory progress toward
> earning a GED credential or high school diploma; or ...

This interpretation is implemented through BOP Program Statement ("P.S.") 5880.28 (emphasis added).  <u>See also</u> P.S. 5884.01, <u>Good Conduct Time Under the Prison Litigation Reform Act</u>.  The Bureau of Prisons has determined that "54 days of GCT [("good conduct time")] may be earned for each full year <u>served</u> on a sentence in excess of one year," P.S. 5880.28(g) (emphasis added), and has derived a formula to calculate the amount of GCT that may be earned for any fractional year served on a sentence in excess of one year.

> For release purposes, subsection 3624(b) is the
> most important provision in the computation process
> since the proper application of that subsection
> determines the actual statutory date of release for the
> prisoner.  The release date is determined, of course,
> by subtracting the total amount of GCT awarded during
> the term of the sentence from the full time date of the
> sentence.  The <u>total</u> amount of GCT awarded during the
> term of a sentence is found by adding the amount of GCT
> awarded at the end of each year to the amount of GCT
> awarded for the last portion of a year.

>    As noted in (1) above, 54 days of GCT may be
> awarded for each full year <u>served</u> on a sentence in
> excess of one year.  Since 54 days of GCT per year
> cannot be divided evenly into one year, or 12 months,
> or 52 weeks, or 365 days, determining the amount of GCT
> that may be awarded for the last portion of a year on
> the sentence becomes arithmetically complicated.  The
> BOP has developed a formula (hereinafter called the
> "GCT formula") that best conforms to the statute when
> calculating the maximum number of days that may be
> awarded for the time served during the last portion of
> a year on the sentence.
>
>    The GCT formula is based on dividing 54 days (the
> maximum number of days that can be awarded for one year
> in service of a sentence) into one day which results in
> the portion of one day of GCT that may be awarded for
> one day served on a sentence.  365 days divided into 54
> days equals .<u>148</u>.  Since .148 is less than one full
> day, no GCT can be awarded for one day served on the
> sentence.  Two days of service on a sentence equals
> .296 (2 x .148) or zero days GCT; ... seven days equals
> 1.036 (7 x .148) or <u>1</u> day GCT.  The fraction is always
> dropped.
>
>    ...
>
>    <u>It is essential to learn that GCT is not awarded
> on the basis of the length of the sentence imposed, but
> rather on the number of days actually served.</u>  In other
> words, when the GCT awarded plus the number of days
> actually served equals the days remaining on the
> sentence, then the prisoner shall be released on the
> date arrived at in the computation process.  (days
> remaining on sentence – (GCT + days served) = release
> date).  ...

P.S. 5880.28(g), <u>Sentence Computation Manual CCCA</u>, at 1-40

through 1-45 (emphasis added).

   The Court of Appeals for the Third Circuit has recently held

that, although Section 3624(b) is ambiguous, the Bureau of

Prisons' interpretation is reasonable and entitled to deference

under the rule of <u>Chevron, U.S.A., Inc. v. Natural Resources</u>

Defense Council, Inc., 467 U.S. 837, 842-43 (1984).  See O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005).  Accordingly, Petitioner is not entitled to relief.

## CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

                                                S/Freda L. Wolfson
                                                  FREDA L. WOLFSON
                                      United States District Judge

Dated: April 28, 2005